NOT YET SCHEDULED FOR ORAL ARGUMENT

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>　　　　　*Petitioner,*<br><br>　　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　　*Respondent.* | No. 23-1177 (and consolidated cases) |

**MOTION FOR LEAVE TO INTERVENE ON
BEHALF OF RESPONDENTS**

　　The above consolidated cases involve challenges to a final agency action by the United States Environmental Protection Agency ("EPA") entitled "Renewable Fuel Standard (RFS) Program: Standards for 2023–2025 and Other Changes," published at 88 Fed. Reg. 44,468 (July 12, 2023). Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and Circuit Rules 15(b) and 27, Clean Fuels Alliance America ("Clean Fuels") respectfully requests leave to intervene on behalf of Respondent.

　　Clean Fuels, formerly known as the National Biodiesel Board, represents U.S. biodiesel and renewable diesel producers and supporting industries such as feedstock

suppliers. Clean Fuels has a substantial interest in this case because its members participate in the Renewable Fuel Standard ("RFS") program and could be adversely affected by the outcome. Because of this interest, Clean Fuels consistently has been granted intervention by this Court in RFS cases, including challenges to EPA's past RFS volumes brought by the petitioners here.[1]

The oil and gas company petitioners in this case (referred to in RFS parlance as "obligated parties") have challenged EPA's RFS rulemakings for years. They have routinely made arguments that are the opposite of those advanced by Clean Fuels' members, seeking to restrict growth of biomass-based diesel and advanced biofuels. Recently, the environmental petitioners also have challenged various aspects of EPA's RFS rules, including critiquing EPA's Endangered Species Act analysis. While their arguments are different, the environmental petitioners seek the same relief as the obligated parties—reducing the volumes of renewable fuel required by the RFS program.

---

[1] *See, e.g.*, *Center for Biological Diversity v. EPA*, No. 22-1164 (ECF No. 1975422) (challenge to 2021 and 2022 Renewable Fuel Standards); *see also Nat'l Petrochemical & Refiners Ass'n v. EPA*, 630 F.3d 145 (D.C. Cir. 2010), *reh'g en banc denied*, 643 F.3d 958 (D.C. Cir. 2011), *cert. denied*, 132 S. Ct. 571 (2011); *Am. Petroleum Inst. v. EPA*, No. 12-1139 (D.C. Cir. Apr. 24, 2012); *Am. Fuel & Petrochemical Mfrs. v. EPA*, No. 12-1249 (D.C. Cir. Nov. 15, 2012); *Am. Fuel & Petrochemical Mfrs. v. EPA*, No. 12-1464 (D.C. Cir. Jan. 2, 2013); *RFS Power Coalition v. EPA*, No. 20-1046; *AFPM v. EPA*, No. 17-1258; *Coffeyville Resources Refining v. EPA*, No. 17-1044; *ACEI v. EPA*, No. 16-1005

Clean Fuels therefore respectfully seeks to intervene in support of EPA on the issues raised by the obligated party petitioners and the environmental groups.

## I. Interests of Intervenor.

The Renewable Fuel Standard requires a minimum volume of renewable fuel be sold in the United States each year. 42 U.S.C. § 7545(o)(2). The 2007 amendments to the program included specific mandates for renewable fuels that are considered "advanced biofuels," including specific mandates for "biomass-based diesel" and "cellulosic biofuels." *Id.* § 7545(o)(2)(B). Thus, biodiesel and renewable diesel are part of the RFS program and qualify as biomass-based diesel, which is an advanced biofuel. *Id.* § 7545(o)(1)(B), (D). The purpose of the program is to promote the use of transportation fuels derived from renewable biomass, including biodiesel, which provide numerous environmental, economic and energy security benefits.

The statute specifies annual required volumes through 2022 for renewable fuel, advanced biofuel, and cellulosic biofuel. 42 U.S.C. § 7545(o)(2)(B)(i)(I-III). For biomass-based diesel, the statute specifies the annual required volumes through 2012. *Id.* § 7545(o)(2)(B)(i)(IV). For the years in which the applicable volumes are not specified in the statute, EPA determines the volumes in coordination with the Departments of Energy and Agriculture, based on an analysis of factors outlined in the statute. *Id.* § 7545(o)(2)(B)(ii).

Clean Fuels is the national trade association representing the biodiesel and renewable diesel industry in regulatory, litigation, and legislative matters that affect its members. Its membership includes biodiesel and renewable diesel producers, feedstock providers and others along the biodiesel supply chain. Clean Fuels has participated throughout EPA's administrative proceedings with respect to actions implementing the Renewable Fuel Standard, including testifying before the agency and providing comments on the proposal for the final agency action at issue here.

Clean Fuels members produce biodiesel and renewable diesel that qualify to meet the volume requirements under the Renewable Fuel Standard program, and its members actively participate in the program. As was the case in the prior challenges in which Clean Fuels has been granted intervention, a decision in this litigation in favor of the obligated party petitioners or the environmental petitioners would adversely affect Clean Fuels members.

II.   **Reasons for Granting Intervention.**

> A. **Clean Fuels has a direct and substantial interest in the outcome of this case.**

Clean Fuels has a substantial interest in the subject matter of this case because its members are subject to the regulations at issue. This Court has consistently found the regulated industry has standing in challenges to an agency rule—indeed, this Court affirmed Clean Fuels' standing in RFS-related matters in *National Biodiesel Board v. EPA*, 843 F.3d 1010 (D.C. Cir. 2016). Clean Fuels meets Article III

4

standing requirements because its members produce fuels eligible under the program that is the subject of this litigation, and the individual participation of the members in the case is not required. *See Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998) (finding trade association had standing in challenge of EPA regulation where some of its members were subject to challenged regulation).

While most of the petitioners in this case have not yet filed statements of issues, obligated parties have in past challenges to RFS rulemakings argued for reduction or elimination of the statutory volume requirements. In those cases, this Court has recognized that the goal of the program is to promote the use of renewable fuel, including biodiesel and renewable diesel, and that the statutory volumes are minimum requirements. *See Nat'l Petrochemical & Refiners Ass'n*, 630 F.3d at 156. Clean Fuels has a significant interest in ensuring the agency fully implements the program and seeks to defend its interests against another attempt to undermine Congress's intent to promote investment in advanced biofuels.

In addition, obligated party petitioners' administrative comments and public statements have indicated that they are believe EPA should grant more small-refinery exemptions and not account for them by adjusting volume obligations when they do. *See, e.g.*, Comment of Small Refineries Coalition, Dkt No. EPA-HQ-OAR-2021-0427-0421. Clean Fuels supports EPA granting fewer or no exemptions and accounting for any it does grant, a position it has previously advocated in

5

administrative comments and litigation in this Court. *See* Opening Brief of Petitioners Growth Energy, the National Biodiesel Board, Producers of Renewables United for Integrity Truth and Transparency, and the RFS Power Coalition, *Growth Energy v. EPA*, No. 19-1023.

The environmental groups have likewise demonstrated that they will take positions adverse to Clean Fuels' interests. The Center for Biological Diversity has indicated that it is a raising a challenge to EPA's Endangered Species Analysis and related determinations by two federal wildlife management agencies. The National Wildlife Federation has indicated that it will argue, among other things, that EPA has overestimated the GHG-reduction benefits of biofuels and underestimated their environmental impacts. The ultimate relief sought by both environmental groups is the opposite of what Clean Fuels advocates——eliminating or significantly reducing requirements to blend biofuels into the nation's fuel supply.

For those reasons, as in the cases in which Clean Fuels has been granted intervention, an adverse ruling here could have a significant negative financial effect on Clean Fuels' members. *See Sabre, Inc. v. Dep't of Transp.*, 429 F.3d 1113, 1118-1119 (D.C. Cir. 2005).

### B. The interests of Clean Fuels are not adequately represented by any of the existing parties.

Intervention is appropriate and necessary to adequately protect Clean Fuels' interests. The burden of showing inadequate representation "is not onerous," and an

"applicant need only show that representation of his interest may be inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

Respondent EPA is the administrative agency responsible for the broad task of implementing and administering the Renewable Fuel Standard. Accordingly, the Agency is not in a position to represent adequately the specific interests of Clean Fuels and its member companies. *See Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (finding EPA did not adequately represent interests of proposed industry intervenors where "appellants' interest is more narrow and focused than EPA's, being concerned primarily with the regulation that affects their industries"); *County of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 (D.D.C. 2007) ("The District of Columbia Circuit has 'often concluded that government entities do not adequately represent the interests of aspiring intervenors.'").

### C. The requested intervention is timely and consistent with the orderly resolution of the case.

Under Federal Rule of Appellate Procedure 15(d), a motion for leave to intervene "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." The current motion is being filed within 30 days after the latest-filed petitions for review in this case and therefore is timely.

Granting the instant motion to intervene in this action will not delay the

7

proceedings in this Court and will not cause undue prejudice to any party. Counsel for Clean Fuels has corresponded with counsel for the other parties in this case, and no party has opposed this motion. Specifically, counsel for the National Wildlife Federation, Center for Biological Diversity, American Fuel & Petrochemical Manufacturers, Neste US, Inc, the Coalition for Renewable Natural Gas, and Sustainable Advanced Biofuel Refiners Coalition have indicated that they take no position on the motion.

Clean Fuels therefore respectfully requests that the Court enter an order granting leave to intervene in support of Respondent.

Respectfully submitted,

/s/ Douglas A. Hastings
Douglas A. Hastings
Bryan M. Killian
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

*Counsel for Clean Fuels Alliance America*

Dated: October 5, 2023

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Clean Fuels makes the following disclosures:

Clean Fuels has no parent companies, and no publicly held company has a 10% or greater ownership interest. It has not issued shares or debt securities to the public.

Clean Fuels is a trade association as defined in D.C. Circuit Rule 26.1(b). It is the national trade association for the biomass-based diesel industry, and its mission is to advance the interests of its members by creating sustainable biodiesel and renewable diesel industry growth.

Respectfully submitted,

/s/ Douglas A. Hastings

Douglas A. Hastings
Bryan M. Killian
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

*Counsel for Clean Fuels Alliance America*

Dated: October 5, 2023

## CERTIFICATE AS TO PARTIES

As required by Circuit Rule 27(a)(4) and pursuant to Circuit Rule 28(a)(1)(A), the following Certificate as to Parties and Amici is made on behalf of Clean Fuels Alliance America:

(A)   Parties and Amici

This is a matter on petition for review of an agency action undertaken by the United States Environmental Protection Agency. There was no action in the district court, and so there were no parties in the district court. The parties are:

Petitioners:

- American Fuel & Petrochemical Manufacturers

- American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company 23-1243 LLC; REH Company; San Joaquin Refining Co., Inc.; U.S. Oil & Refining Company; and Wyoming Refining Company (together, the "Small Refineries Coalition"); Countrymark Refining and Logistics, LLC; The San Antonio Refinery LLC; and Wynnewood Refining Company, LLC

- Center for Biological Diversity

- Coalition for Renewable Natural Gas

10

- Sustainable Advanced Biofuels Refiners Coalition
- National Wildlife Federation
- Neste U.S., Inc
- REH Company

Respondents:

- U.S. Environmental Protection Agency

Intervenors:

- Growth Energy, another trade association for a different group of biofuels, has moved to intervene and its motion is pending.

(B) Rulings under Review

This case involves consolidated petitions for review of a final action of the U.S. Environmental Protection Agency ("EPA") entitled "Renewable Fuel Standard (RFS) Program: Standards for 2023–2025 and Other Changes," published at 88 Fed. Reg. 44,468 (July 12, 2023).

(C) Related Cases

Petitioner is not aware of any other pending cases involving the same underlying agency action at issue in this case.

We believe that no entity has been admitted as an amicus at this time.

Respectfully submitted,

/s/ Douglas A. Hastings

Douglas A. Hastings
Bryan M. Killian
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

*Counsel for Clean Fuels Alliance America*

Dated:  October 5, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1), I certify that the foregoing meets the type-volume limitations of Rule 27(d)(2)(A) because it contains 1,605 words.

/s/ Douglas A. Hastings

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2023 I caused the foregoing to be electronically filed with the Clerk of the U.S. Court of Appeals for the D.C. Circuit by using the Court's appellate CM/ECF system and that service will be accomplished by the appellate CM/ECF system.

                                                  /s/ Douglas A. Hastings