NOT YET SCHEDULED FOR ORAL ARGUMENT

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) ) *Petitioner*, ) ) v. ) ) U.S. ENVIRONMENTAL PROTECTION AGENCY, ) ) *Respondent*. ) | Case No. 23-1177 |

## MOTION OF RENEWABLE FUELS ASSOCIATION
## TO INTERVENE IN SUPPORT OF RESPONDENT

Pursuant to Federal Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b), the Renewable Fuels Association ("RFA") respectfully moves for leave to intervene in the above-consolidated cases on behalf of the Respondent.[1] Petitioners in these consolidated cases seek review of the United States Environmental Protection Agency's ("EPA's") final rule entitled "Renewable Fuel Standards (RFS) Program: Standards for 2023-2025 and Other Changes," published in the

---

[1] Pursuant to D.C. Circuit Rule 15(b), this motion should be deemed a motion to intervene in all appeals that have been filed in this Court involving the same underlying EPA action.

Federal Register at 88 Fed. Reg. 44,468 (July 12, 2023) ("Set Rule").[2]

On July 13, 2023, the Center for Biological Diversity ("CBD") petitioned this Court for review of the Set Rule. *Center for Biological Diversity v. EPA*, No. 23-1177 (D.C. Cir. filed July 13, 2023), ECF No. 2008130. Other petitions for review of the Set Rule were filed, and the Court consolidated these petitions under the lead case *Center for Biological Diversity v. EPA*. *See* Order, *Center for Biological Diversity v. EPA*, No. 23-1177 (D.C. Cir. Sep. 11, 2023), ECF No. 2016202 (consolidating cases); Order (D.C. Cir. Sep. 12, 2023), ECF No. 2016460 (same).

Clean Fuels Alliance America and Growth Energy consent to this motion. American Refining Group, Inc, Calumet Montana Refining, LLC, Calumet Shreveport Refining, LLC, Ergon Refining, Inc., Ergon-West Virginia, Inc., Hunt Refining Company, Par Hawaii Refining, LLC, Placid Refining Company LLC, REH Company, San Joaquin Refining Co., Inc., U.S. Oil & Refining Company, Wyoming Refining Company, Countrymark Refining and Logistics, LLC, The San Antonio Refinery LLC, and Wynnewood Refining Company, LLC take no position on the motion at this time. Center for Biological Diversity, Neste US, Inc., REH

---

[2] A corporate disclosure statement pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1 and a certificate of parties pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A) also are attached to this motion.

2

Company, Sustainable Advanced Biofuel Refiners Coalition, American Fuel & Petrochemical Manufacturers, Coalition for Renewable Natural Gas, National Wildlife Federation, EPA, U.S. Fish & Wildlife Service, National Marine Fisheries Service, Coalition for Renewable Natural Gas, American Fuel & Petrochemical Manufacturers did not respond to a request to state their positions on the motion.

## BACKGROUND

Section 211(o) of the Clean Air Act sets annual volume obligations for renewable fuel, advanced biofuel, cellulosic biofuel, and biomass-based diesel. *See* 42 U.S.C. §§7545(o)(2)(B); 7545(o)(1). "Congress enacted those requirements in order to move the United States toward greater energy independence and security and increase the production of clean renewable fuels." *Ams. for Clean Energy v. EPA*, 864 F.3d 691, 697 (D.C. Cir. 2017) (quotation marks omitted). EPA "has a 'statutory mandate' to 'ensure[]'" the annual volume requirements are met, which it fulfills "by translating the annual volume requirements into 'percentage standards.'" *Id.* at 698-99. The above-consolidated cases all concern review of the Set Rule, which established the minimum applicable volume standards for renewable fuel, advanced biofuel, and cellulosic biofuel for 2023, 2024, and 2025. The rule also established a supplemental volume requirement in response to the court remand of the 2016 annual rule.

3

# ARGUMENT

RFA seeks to intervene in this case in order to protect its substantial interest in the integrity of the Renewable Fuel Standard ("RFS") program and the investments RFA's members have made in renewable fuels to support the program. RFA's interests are not adequately represented by the existing parties and may be harmed by a favorable ruling for one or more petitioners. Because RFA meets the standard for intervention in a petition for review proceeding before this Court, its motion for leave to intervene should be granted.

## I. RFA Meets the Standard for Intervention

Federal Rule of Appellate Procedure 15(d) permits a party to intervene in a proceeding to review agency action if a motion to intervene is "filed within 30 days after the petition for review is filed" and "contain[s] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d).

Intervention in this Court is governed by the same standards as in a district court. *See Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997). Consequently, a party has a right to intervene if it "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

4

movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). RFA satisfies this standard.[3]

### A. RFA's Motion is Timely and Will Not Delay or Cause Undue Prejudice

This motion is timely as it is being filed within 30 days of the filing of the latest-filed petitions in this case. This motion is being served on all parties to the case and the discussion herein constitutes "a concise statement of [RFA's] interest . . . and the grounds for intervention." Fed. R. App. P. 15(d). Granting RFA's motion to intervene will not delay the proceedings in this Court and will not cause undue prejudice to any party.

### B. RFA Has a Cognizable Interest in This Case

EPA has already acknowledged that "[e]ntities potentially affected by this final rule are those involved with the production, distribution, and sale of . . . renewable fuels (*e.g.*, ethanol, biodiesel, renewable diesel, and biogas)." 88 Fed. Reg. at 44,468.

RFA is a national trade association dedicated to advancing the development, production, and use of fuel ethanol, which is driven primarily by the annual standards established by the RFS. RFA's 300-plus members include producers who

---

[3] RFA also satisfies the standard for permissive intervention because it has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

5

work to advance the environmental, economic, and energy benefits of ethanol. *See* RFA's Comments on EPA's Proposed Rule, Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 (Dec. 30, 2022) (EPA-HQ-OAR-2021-0427-0421); RFA Producer and Associate Members, https://ethanolrfa.org/rfa-members/.

### C. Intervention Is Necessary to Preserve RFA's Interests

Participation in this litigation as an intervenor is essential for RFA to protect the interests of its members. While EPA is required by the Clean Air Act to promulgate required renewable fuel volumes each year, the group of petroleum industry petitioners will likely argue that the volumes set by EPA in the Set Rule should be reduced. Any decrease in the volumes set by the Set Rule would adversely affect RFA's members' businesses and undermine the investments they have made in their refineries, feedstocks, and technologies used to produce renewable fuel. Intervening in this matter is RFA's best opportunity to prevent such harm to its members' business interests.

### D. RFA's Interests Would Not Be Adequately Represented by Another Party

Intervention is further necessary because RFA's interests would not be adequately represented by another party. The burden of showing that there is no adequate representation is "not onerous," *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (internal quotations omitted), and courts "look skeptically on government entities serving as adequate advocates for private

6

parties." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015). EPA cannot adequately represent the narrower private interests of trade associations such as RFA because EPA, as the administrative agency that implements the RFS, represents the general public interest. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003).

Because RFA meets the standard for intervention in petition-for-review proceedings before this Court, its motion for leave should be granted.

## II. RFA Has Article III Standing

To the extent the D.C. Circuit requires intervenors to demonstrate Article III standing, RFA also meets the standard. *See, e.g.*, *Deutsche Bank Nat. Tr. Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013). An association has Article III standing to sue on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Military Toxics Project v. EPA*, 146 F.3d 948, 953-54 (D.C. Cir. 1998). So long as one RFA member can show "injury-in-fact, causation, and redressability," *see Deutsche Bank*, 717 F.3d at 193, that is enough to confer standing on RFA. *See Military Toxics Project*, 146 F.3d at 954.

RFA's members have standing to sue in their own right because the production and profitability of each member would be directly harmed by any decrease in the percentage standards set by the Set Rule. An adverse ruling is likely to cause economic injury to RFA's members in the form of lower demand for renewable fuels and reduced regulatory certainty. *See Clinton v. City of New York*, 524 U.S. 417, 433 (1998) ("The Court routinely recognizes probable economic injury resulting from [governmental actions] that alter competitive conditions as sufficient to satisfy the [Article III 'injury-in-fact' requirement] . . . . It follows logically that any . . . petitioner who is likely to suffer economic injury as a result of [governmental action] that changes market conditions satisfies this part of the standing test") (quoting 3 K. Davis & R. Pierce, Administrative Law Treatise 13–14 (3rd ed. 1994)) (alterations in original). In addition, given the industry-wide impact of EPA's regulatory action, neither the claim asserted, nor the relief requested requires the participation of individual members in the lawsuit.

RFA also satisfies the Article III standing requirements for this Court because, as noted above, RFA and its members meet the interest requirement under Federal Rule of Civil Procedure 24. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) ("any person who satisfies Rule 24(a) will also meet Article III's standing requirement").

Moreover, in challenges to EPA rules, this Court has consistently granted standing to regulated industries subject to the agency rule. *See Military Toxics Project*, 146 F.3d at 954 (finding that industry trade association whose members were subject to challenged EPA regulation had standing in challenge of said regulation). This has been the case in prior proceedings involving challenges to EPA's RFS regulations, where this Court has previously recognized RFA's right to intervene. *See, e.g.*, Order, *Center for Biological Diversity v. EPA*, No. 22-1164 (D.C. Cir. Nov. 29, 2022), ECF No. 1975422 (granting RFA's motion to intervene). Standing thus would be appropriate here, where RFA's members produce the ethanol in the gasoline-ethanol blends that are mandated by the Set Rule. Indeed, EPA has already acknowledged that RFA members are affected by the Reset Rule. *See* 88 Fed. Reg. at 44,488 (potentially affected entities include ethyl alcohol manufacturing).

## CONCLUSION

For the foregoing reasons, RFA respectfully requests that the Court grant RFA leave to intervene in support of Respondents.

October 11, 2023                    Respectfully submitted,

/s/ *Matthew W. Morrison*
Matthew W. Morrison
Lauren E. Johnstone
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036-3006
(202) 663-8036
matthew.morrison@pillsburylaw.com
lauren.johnstone@pillsburylaw.com

*Counsel for Renewable Fuels Association*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, the Renewable Fuels Association states that it is a non-profit trade association within the meaning of Circuit Rule 26.1(b). Its members are ethanol producers and supporters of the ethanol industry. It operates for the purpose of promoting the general commercial, legislative, and other common interests of its members. The Renewable Fuels Association does not have a parent company, and no publicly held company has a 10% or greater ownership interest in it.

October 11, 2023                                    Respectfully submitted,

/s/ *Matthew W. Morrison*
Matthew W. Morrison

# CERTIFICATE OF PARTIES AND AMICI CURIAE

As required by Circuit Rule 27(a)(4), the Renewable Fuels Association certifies that, as of the time of filing, the parties in this case are:

*Petitioners*:

    Center for Biological Diversity (No. 23-1177)

    Neste US, Inc. (No. 23-1240)

    American Refining Group, Inc; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company LLC; REH Company; San Joaquin Refining Co., Inc.; U.S. Oil & Refining Company; Wyoming Refining Company; Countrymark Refining and Logistics, LLC; The San Antonio Refinery LLC; and Wynnewood Refining Company, LLC, (No. 23-1243)

    REH Company (No. 23-1244)

    Clean Fuels Alliance America (No. 23-1245)[4]

    Sustainable Advanced Biofuel Refiners Coalition (No. 23-1246)

    American Fuel & Petrochemical Manufacturers (No. 23-1247)

    Coalition for Renewable Natural Gas (No. 23-1248)

    National Wildlife Federation (No. 23-1249)

*Respondents*:

    U.S. Environmental Protection Agency

    Michael S. Regan, Administrator, U.S. Environmental Protection Agency

---

[4] On October 5, 2023, Clean Fuels Alliance America filed a stipulation to voluntarily dismiss their petition, ECF No. 2020671.

    U.S. Fish & Wildlife Service

    National Marine Fisheries Service

*Movant-Intervenors for Respondent:*

    Growth Energy

    Clean Fuels Alliance America

    Coalition for Renewable Natural Gas

    American Petroleum Institute

October 11, 2023                        Respectfully submitted,

                                            /s/ *Matthew W. Morrison*
                                            Matthew W. Morrison

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1947 words, excluding the exempted portions, as provided in Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. This motion complies with the typeface and type style requirements of Fed. R. App. P. 27(a)(5)-(6) because it was prepared in proportionally-spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

October 11, 2023                                        Respectfully submitted,

                                                                        /s/ *Matthew W. Morrison*
                                                                        Matthew W. Morrison

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

October 11, 2023                                       Respectfully submitted,


                                                       /s/ *Matthew W. Morrison*
                                                       Matthew W. Morrison