# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## AGENCY DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 23-1249     2. DATE DOCKETED: 09-11-2023
3. CASE NAME (lead parties only): National Wildlife Federation v. EPA et al.
4. TYPE OF CASE: ☒ Review  ☐ Appeal  ☐ Enforcement  ☐ Complaint  ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☒ No
   If YES, cite statute
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: Environmental Protection Agency
   b. Give agency docket or order number(s): 88 Fed. Reg. 44,468
   c. Give date(s) of order(s): July 12, 2023
   d. Has a request for rehearing or reconsideration been filed at the agency? ☐ Yes ☒ No
      If so, when was it filled?      By whom?
      Has the agency acted? ☐ Yes ☐ No  If so, when?
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      Please see attached.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☒ Yes ☐ No  If YES, identify case name(s), docket number(s), and court(s)
      Please see attached list of consolidated cases.
   g. Are any other cases, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☐ Yes ☒ No  If YES, give case name(s) and number(s) of these cases and identify court/agency:
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☒ No  If YES, provide program name and participation dates.

Signature /s/ Carrie Apfel     Date 10-11-2023
Name of Counsel for Appellant/Petitioner Carrie Apfel
Address Earthjustice, 1001 G Street, NW, Suite 1000, Washington, DC 20001
E-Mail capfel@earthjustice.org     Phone ( 202 ) 797-4310     Fax ( ___ ) ___-___

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement.

USCA Form 41
August 2009 (REVISED)

**Attachment to Agency Docketing Statement**

*National Wildlife Federation v. EPA, et al.,* **Case No. 23-1249, docketed September 11, 2023.**

**Consolidated with** *Center for Biological Diversity v. EPA, et al.***, Case No. 23-1177 (lead case).**

**Response to Section 6(e): Identify the basis of appellant's/petitioner's claim of standing.**

National Wildlife Federation ("NWF") has standing to challenge the Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 and Other Changes Final Rule ("2023 Rule") for the same reasons, as found by this Court, that the environmental petitioners had standing to challenge earlier renewable fuel volume rules. *See Am. Fuel & Petrochemical Manufacturers v. Env't Prot. Agency*, 937 F.3d 559 (D.C. Cir. 2019); *Growth Energy v. Env't Prot. Agency*, 5 F.4th 1, 27 (D.C. Cir. 2021).

NWF is an environmental organization dedicated to the protection, preservation, and enjoyment of the environment.  NWF is America's largest conservation organization, working across the country to give wildlife a voice.  NWF and its members are greatly concerned about the climate and environmental harms that have been and will continue to be caused by the renewable fuel volume requirements promulgated by the United States Environmental Protection Agency ("EPA") under the Energy Independence and Security Act ("EISA").  Protecting the environment, wildlife, and habitat from destruction and harm is central to NWF's mission, and NWF's members are actively engaged in recreating, visiting, and viewing wildlife in areas adversely affected by the climate and environmental harms driven by the production of renewable biomass, and are thus injured by the effects of renewable biomass production.

The volumetric standards set forth in the 2023 Rule will drive the cultivation of corn and soy to produce renewable biomass, resulting in additional conversion of grassland to cropland; water pollution from erosion, pesticides, and fertilizers on new and existing cropland; and higher net levels of greenhouse gas emissions from both direct emissions and reduced carbon sequestration.  All these impacts also collectively degrade critical wildlife habitat. These environmental harms adversely affect the recreational and wildlife-viewing interests of and opportunities for NWF's members, who have visited and observed wildlife, including impacted species, such as the piping plover, Dakota skipper, Poweshiek skipperling, as well as other species, and who plan to continue doing so.  For example, NWF's members go fishing, boating, birding, and wildlife-viewing in waterways, grasslands, and wetlands directly and indirectly harmed by the land conversion, water pollution, and climate harms caused by the production of renewable biomass.

These harms are not speculative, but rather have been occurring for years and will continue to occur as a direct result of the 2023 Rule.  EPA recognizes as much in its own Biological Evaluation of the Renewable Fuel Standard Set Rule and Addendum, which analyzes the impact of the rule on any endangered or threatened species or designated critical habitat.  In this analysis, EPA finds that up to 2.65 million acres of native grassland could be converted to cropland for renewable biomass as a result of the 2023 Rule. EPA's findings in its Third

Triennial Report to Congress on the Renewable Fuel Standard Program are consistent with this. It also notes that the RFS program will adversely affect water quality through the sedimentation, nutrients, and pesticides released during biofuel feedstock production, adding stress on already stressed aquatic ecosystems.  Numerous studies show the same, that this type of agriculture-driven land-use change destroys wildlife habitat and threatens biodiversity.  NWF's members are harmed by this biodiversity loss and water quality degradation as it impairs their recreational interests in observing wildlife and fishing in impacted waters.

     By driving greater use of liquid fuel made from corn and soy, the 2023 Rule will also exacerbate climate change both through the direct emissions of greenhouse gases and because of the reduced drawdown of carbon from the atmosphere due to land in intense cultivation.  EPA's Regulatory Impact Analysis for the 2023 Rule acknowledges that the lifecycle GHG emissions from renewable fuels may be equal to or above those from petroleum gasoline and diesel fuel.  EPA's separate model comparison exercise – which EPA admits it ignored in the final rule – came to the same conclusion.  Further, EPA's estimates do not account for the opportunity costs of using land to grow biomass instead of sequestering carbon.  Studies of this carbon opportunity cost show that the 2023 Rule will result in a net increase in greenhouse gas emissions.  This increase in emissions will contribute to the climate crisis, harming wildlife, habitat, and NWF's members' interests.

     EPA's failure to properly assess the climate and other environmental impacts of the 2023 Rule resulted in increased total renewable fuel volume targets to levels that will continue to cause environmental and climate harms.  These volumes will continue to drive land conversion, pollute waterways, and exacerbate the climate crisis, all of which jeopardizes species and their habitat.  These harms have injured and will continue to injure NWF's members' recreational, environmental, professional, and other interests, the protection of which is central to NWF's mission.  This Court may remedy these harms by remanding the 2023 Rule and directing EPA to follow the Clean Air Act.

     For all of these reasons, NWF has standing to bring this challenge.

**Response to Section 6(f): Are any other cases involving the same underlying agency order pending in this Court or any other?**

     Center for Biological Diversity v. EPA et al, No. 23-1177
     Neste US, Inc. v. EPA, Case No. 23-1240
     American Refining Group, Inc., et al v. EPA, Case No. 23-1243
     REH Company v. EPA, Case No. 23-1244
     Clean Fuels Alliance America v. EPA, Case No. 23-1245
     Sustainable Advanced Biofuel Refiners Coalition v. EPA, Case No. 23-1246
     American Fuel & Petrochemical Manufacturers v. EPA, Case No. 23-1247
     Coalition for Renewable Natural Gas v. EPA, Case No. 23-1248

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, I filed a copy of the foregoing Agency Docketing Statement using this Court's CM/ECF system, which will serve notice of the filing on all parties in this case.

Respectfully submitted,

*/s/*Carrie Apfel

Carrie Apfel
Earthjustice
1625 Massachusetts Avenue, NW, Suite 702
Washington, DC  20001
202-797-4310
capfel@earthjustice.org

Peter Lehner
Earthjustice
48 Wall Street
New York, NY  10005
212-845-7389
plehner@earthjustice.org

*Counsel for Petitioner National Wildlife Federation*