**ORAL ARGUMENT NOT YET SCHEDULED**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*<br><br>*Respondents*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 23-1177<br>) (consolidated with<br>) Nos. 23-1240, 23-1243,<br>) 23-1244, 23-1246, 23-1247,<br>) and 23-1249) |

## NESTE'S PROPOSED
## BRIEFING SCHEDULE AND FORMAT

Petitioner Neste US, Inc. ("Neste") respectfully submits this proposal on briefing schedule, format, and word limits, as directed by this Court's order dated December 1, 2023.  The parties have attempted to negotiate for the past month in a good-faith effort to reach agreement on a joint briefing proposal.  The night before this filing, however, respondents and certain petitioners insisted on changes to the draft submission that would have been prejudicial to Neste.  Neste is therefore filing this submission to provide its position to the Court.

For reasons set forth below, Neste requests that the Court permit Neste to file a separate 7,000-word principal brief and a 3,500-word reply brief. This request, which seeks far less than the ordinary words allotted under the rules, is necessary to brief important issues raised by Neste that are not raised by any other party. In seeking to justify their own proposals, respondents and certain petitioners are taking the position that Neste should be grouped with petitioner the Sustainable Advance Biofuel Refiners ("SABR") Coalition and its word allotments drastically cut, even though Neste and the SABR Coalition do not have interests in common in this case and, importantly, are raising materially different issues challenging entirely different aspects of EPA's final rule. Because that position would not result in a fair or adequate presentation of the issues to the Court, it should be rejected.

I. **Neste Requests Permission to File a Separate Principal Brief Not to Exceed 7,000 Words.**

Neste is a leading supplier of renewable diesel and sustainable aviation fuel in the United States. It seeks permission to file a separate opening brief not to exceed 7,000 words and a reply brief not to exceed 3,500 words.

This requested word allotment is justified by the diversity and complexity of the arguments Neste intends to present. Neste is not aligned with, and does not have a common interest with, any other petitioner. Moreover, filing a joint brief with other parties is neither feasible nor appropriate, as Neste is the only petitioner challenging the following aspects of EPA's final rule: (1) EPA's new position that the regulations require producers to maintain records of *the amount* of separated food waste collected *at the point of origin*, (2) the regulatory requirement to maintain records of the point of origin *where separated food waste is first collected*, (3) the new regulatory requirement that RINs can be generated only for fuel actually used in the United States as opposed to fuel that is "produced for use" in the United States, and (4) EPA's new position to disallow self-declarations substantiating that feedstock qualifies as renewable biomass. *See* ECF #2021385, Statement of Issues for Neste (Oct. 12, 2023). These new interpretations and requirements are harmful to Neste and affiliated Neste entities, as they will have far-reaching consequences for the Neste companies' business operations.

3

The issues that Neste intends to raise are complex and require distinct explanations of the relevant statutory authority and, in some instances, extensive regulatory history, especially where EPA has changed course without justifying its actions. The issues do not overlap with the issues raised by any other petitioner and, as a result, Neste will need sufficient words to address the required elements of Rule 28(a) in addition to addressing the important substantive arguments that Neste wishes to present on appeal. Neste submits that any further reduction in words would adversely affect its ability to adequately present its position to the Court and to vigorously represent its interests.

Contrary to the position of respondents and certain petitioners, Neste should not have its word allotment further reduced (below 7,000 words) merely because the SABR Coalition has also filed a petition for review and seeks its own allotment of words. Neste and the SABR Coalition filed separate petitions because they do not share common or aligned interests, they are not challenging the same aspects of EPA's final rule, and they are not raising the same issues on appeal. *Cf.* D.C. Handbook at 38 (noting that joint briefs are appropriate for "[p]arties with common interests"). Indeed, the issues that Neste intends to

4

address on appeal are entirely distinct from the issues that the SABR Coalition intends to address. *See* ECF #2021537, Statement of Issues for SABR Coalition (Oct. 12, 2023) (raising challenges to EPA's "final conversion factor" for determining renewable volume obligations, EPA's failure to revise equivalence values, EPA's definition of "biomass-based diesel," EPA's inclusion of jet fuel in the biomass-based diesel fuel category, and EPA's failure to consider certain comments). Neste's brief will therefore require a discussion of different statutory and regulatory provisions, and a different presentation of the relevant regulatory background facts.

Neste's request for 7,000 words is a little more than half the ordinary word limits under the federal rules for a petitioner brief, and more than a third less than the requests made by the two petitioner groups who represent parties that do have common interests. That request is appropriate given the complex issues that Neste intends to raise and in light of the extensive administrative record. EPA's final rule, which occupies more than 125 pages in the Federal Register, together with new positions enunciated in its 389-page Response to Comments documents, makes sweeping regulatory changes that have far-reaching

5

consequences in different ways for different regulated parties. *See Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 and Other Changes*, 88 Fed. Reg. 44,468 (July 12, 2023); *Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 and Other Changes*, Response to Comments, EPA-420-R-23-014 (June 2023).

By comparison, the last time this Court considered the agency's Renewable Fuel Standards, EPA's final rule totaled only a little more than 40 pages. *See* Renewable Fuel Standard Program: Standards for 2019 and Biomass-Based Diesel Volume for 2020, 83 Fed. Reg. 63,704 (Dec. 11, 2018). In that earlier case, the issues raised on appeal were more limited, as the parties focused their challenges on whether EPA's volume levels were too high or too low, with "a coalition of environmental organizations" also challenging "various aspects of the" rule "relating to environmental considerations." *Growth Energy v. EPA*, 5 F.4th 1, 7 (D.C. Cir. 2021). Moreover, "several of the challenges presented … resemble[d] or even match[ed] ones raised" in an earlier case. *Id.*; *see also id.* at 8–11 (repeating the background from the Court's earlier case); *see also Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559 (D.C. Cir. 2019). Significantly, the members of the "Renewable-Fuels Producers" group

6

there agreed that they shared common interests and, because their interests were generally aligned, proposed filing a single joint brief, *see Growth Energy v. EPA*, No. 19-1023, Joint Proposal on Briefing Schedule and Format (July 5, 2019), ECF #1795962, which ultimately raised only four issues relating to EPA's final rule, *see id.*, Final Br. for Pets. Growth Energy, et al. (Mar. 5, 2020), ECF #1832048. In those circumstances, the Court granted the self-identified "Renewable-Fuels Producers" the right to file a joint 9,100-word brief. *See id*, Per Curiam Order (Aug. 20, 2019), ECF #1802964.

Here, in contrast, the circumstances are very different. The interests of Neste and the SABR Coalition are not aligned, and they have not self-identified as having common interests. Moreover, they are challenging EPA's final actions on entirely different grounds. The materially different issues that Neste and the SABR Coalition intend to raise separately are more than twice as many the number of issues raised by the "Renewable-Fuels Producers" in the earlier appeal. And the administrative record is much more substantial than in the earlier appeal, reflecting the sweeping nature of the new requirements imposed by EPA. In these circumstances, forcing Neste and the SABR Coalition

7

to share words based on an artificial grouping of non-aligned parties would not aid the Court and would only complicate the presentation of the arguments.

There is no reason respondents should be able to obtain improper litigation advantages—and avoid defending EPA's new requirements—by allowing them to cut a deal with some petitioners and then artificially group together other petitioners whose interests are not aligned and who intend to raise different substantive challenges to different parts of EPA's rulemaking. That is not a proper compromise; it is a divide-and-prejudice strategy. The Court's procedures are intended to promote efficiency, not to reward procedural gamesmanship seeking to deny certain parties from having an adequate opportunity to present the issues they are asking the Court to decide.

II. **Respondents, the Obligated Party Petitioners, and the Environmental Petitioners Have Not Justified Their Request to Limit the Words Allotted to Neste.**

In addition to the petition filed by Neste, these consolidated cases involve petitions filed by a coalition (the SABR Coalition) and by two self-identified groups of petitioners whose members have aligned interests (the Obligated Party Petitioners and the Environmental Party

8

Petitioners). With the exception of Neste and the SABR Coalition, many of the petitioners and the respondent-intervenors in these consolidated cases participated in the previous litigation challenging EPA's earlier rule. In that earlier challenge, the Court allotted 9,100 words to the aligned "Renewable-Fuels Producers" (as noted above), 9,100 words to the aligned Obligated Party Petitioners, 7,800 words to the aligned Environmental Petitioners, and between 3,900 and 4,550 words to each of the respondent-intervenors. *See Growth Energy v. EPA*, No. 19-1023, Per Curiam Order (Aug. 20, 2019), ECF #1802964.

Given the different interests and issues being raised in this appeal, and because Neste's interests are not aligned with any other party, Neste would be justified in seeking at least 9,100 words to brief the issues that only it intends to raise. That would be consistent with this Court's past practice. Neste's request for only 7,000 words is thus especially reasonable, as it already represents a significant reduction in the words previously allotted to parties seeking to brief distinct issues.

Neste does not believe, however, that briefing should be a zero-sum game. Different cases with different parties raising different issues warrant different briefing formats and different allotments of words. It

9

thus does not understand why respondents and other petitioners are claiming that Neste must share words with a party with which it is obviously not aligned. If briefing is to be treated as a zero-sum game against the baseline of the earlier appeal, however, the burden should be on respondents and the other petitioners to explain why they require more words. It makes no sense that they should receive additional words (they are seeking to file 11,000-word briefs), while Neste is prejudiced and, under their one-sided proposal, permitted to file a brief with only half the allotment of words that they seek (they are proposing that Neste be allotted no more than 5,500 words). There is no reason their issues deserve greater attention or additional briefing.

To the contrary, the statements of issues submitted by the parties would suggest the opposite. For example, the parties that make up the Obligated Party Petitioners have filed "Statements of Issues" that raise only three overlapping issues. *See* ECF #2018547, Statement of Issues for Am. Refining Group, et al. (raising one issue, challenging EPA's rule as arbitrary, capricious, and contrary to law); ECF #2021587, Statement of Issues for Am. Fuel & Petrochem. Mfrs. (Oct. 12, 2023) (raising two issues, challenging EPA's final rule as arbitrary, capricious and contrary

10

to law, and also challenging EPA's supplemental total renewable fuel volume requirement); ECF #2021494, Statement of Issues for REH Co. (Oct. 12, 2023) (raising three issues, challenging EPA's supplemental total renewable fuel volume requirement, EPA's decision to allow entities to retire Renewable Identification Numbers, and EPA's failure to provide a reasoned explanation). They now seek to expand on those issues, providing more specifics for purposes of their briefing proposal (and turning three issues into five), yet even still they provide no valid basis for concluding that they should be entitled to twice as many words as Neste. There is certainly no reason to conclude that the issues they intend to raise are more novel or require more extensive discussion than the very different issues that Neste intends to raise.

As noted above, the only justification that respondents and certain petitioners advance in favor of reducing Neste's words—that in past cases renewable fuel producers with aligned interests agreed to file a joint brief—makes no sense in the context of this case where Neste's interests are not aligned with any other party, and where Neste intends to raise issues that are not related to issues raised by any other party. Instead of denying Neste words for baseless reasons, it would be just as logical to

11

grant Neste 11,000 words for its brief and to require the other petitioners to file joint briefs not to exceed 5,500 words. The point is not to recommend that outcome but to highlight that respondents and other petitioners are urging the Court to make arbitrary and senseless distinctions.

In short, the issues raised by Neste are deserving of equal attention and consideration as the issues raised by the other petitioning parties. Neste should be granted permission to file a separate principal brief not to exceed 7,000 words and a reply brief not to exceed 3,500 words.

### III. The Briefing Schedule Should Be Commensurate with the Words Allotted for Briefing.

Neste is willing to agree to any reasonable briefing schedule that is convenient for the Court and that will allow this case to be fully briefed as promptly as possible given the far-reaching consequences of EPA's new regulatory requirements. But it is revealing that respondents' position on word allotments is so inconsistent with their request for an extended briefing schedule.

Recognizing the overall complexity of the issues to be briefed in this appeal, respondents have requested almost 100 days after petitioners' opening briefs to file their response brief, and respondent-intervenors

have requested an additional 3 weeks to file their supporting briefs after respondents submit their brief. That is an unusually long briefing schedule—one that will take more than 8 months to complete. Respondents should not be allowed to have it both ways. If the case warrants an extended briefing schedule, it also warrants adequate words for Neste to brief the complex and unique issues that it intends to raise on appeal.

Dated: January 2, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Ashley C. Parrish*
　　　　　　　　　　　　　　　　　　Ilana Saltzbart
　　　　　　　　　　　　　　　　　　Ashley C. Parrish
　　　　　　　　　　　　　　　　　　 *Counsel of Record*
　　　　　　　　　　　　　　　　　　Jeremy M. Bylund
　　　　　　　　　　　　　　　　　　K. Paige Tenkhoff
　　　　　　　　　　　　　　　　　　KING & SPALDING LLP
　　　　　　　　　　　　　　　　　　1700 Pennsylvania Avenue NW
　　　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　　　(202) 737-0500
　　　　　　　　　　　　　　　　　　aparrish@kslaw.com

　　　　　　　　　　　　　　　　　　Amina Dammann
　　　　　　　　　　　　　　　　　　KING & SPALDING LLP
　　　　　　　　　　　　　　　　　　500 W. 2nd Street
　　　　　　　　　　　　　　　　　　Suite 1800
　　　　　　　　　　　　　　　　　　Austin, TX 78701
　　　　　　　　　　　　　　　　　　(512) 457-2000

　　　　　　　　　　　　　　　　　　*Counsel for Neste US, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2), because it contains 2,358 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (a)(6), because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

Dated: January 2, 2024

/s/ Ashley C. Parrish
Ashley C. Parrish

*Counsel for Petitioner*
*Neste US, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I electronically filed the foregoing Proposal with the Clerk of the Court for the United States Court of Appeals for the District of Columbia using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Ashley C. Parrish
Ashley C. Parrish

*Counsel for Petitioner*
*Neste US, Inc.*